UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:09-CV-00116-JHM

ALVAN C. MOORE                                                              PLAINTIFF

V.

BRANCH BANKING & TRUST COMPANY                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Branch Banking & Trust, Company's (BB&T) Motion for Partial Summary Judgment [DN 37]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **GRANTS** Defendant's motion.

## I. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

## II. BACKGROUND

The facts of this case are described in detail in the Court's recent opinion, Moore v. Branch Banking & Trust, Co., 2010 WL 4962909 (W.D. Ky. Dec. 1, 2010). The abridged facts are that Plaintiff Alvin Moore and his mother, Patricia Ann Moore, had a joint checking account with

Defendant BB&T on November 5, 2009. On that date, BB&T received an order of garnishment stating that Bank of America had a judgment against Patricia Ann Moore in the amount of $16,308.47. The Moore's joint account contained a total of $1,088.26, of which $773.00 was a recent direct deposit of Plaintiff Moore's monthly Social Security disability payment. BB&T froze the account and issued letters to the joint account holders to take notice and to review the order of garnishment. The attached order of garnishment contained procedures to claim and prove any funds that were exempt from garnishment.

Rather than take advantage of these procedures, Plaintiff Moore, sent a letter to BB&T on November 11, 2009, titled "PLEASE TAKE NOTICE TO A CAUSE FOR ACTION." After waiting the prescribed statutory period and receiving no exemption claims, BB&T garnished all of the funds in the account, including the Social Security disability payment. This lawsuit followed with Plaintiff Moore filing pro se. Defendant BB&T answered and counter-claimed for attorneys' fees pursuant to the Bank Services Agreement (BSA) entered into by Plaintiff Moore and BB&T. In a memorandum, opinion, and order dated December 1, 2010, the Court granted summary judgment to Defendant BB&T as to all of Plaintiff Moore's claims.

Defendant BB&T has now filed a motion for partial summary judgment seeking its reasonable attorneys' fees and expenses, pursuant to paragraphs 14 and 28 of the Bank Services Agreement. Defendant filed the affidavit of R. Michael Sullivan with its motion, which states that the reasonable attorneys' fees and expenses accrued by Defendant in defending this action are $15,806.11.

### III. DISCUSSION

Plaintiff Moore has filed a Notice of Appeal [DN 41] regarding the Court's dismissal of his

claims in its December 1, 2010, opinion. However, a final order was not entered pursuant to that opinion because Defendant's counter-claim was still pending. Where a notice of appeal is filed in reference to a non-appealable order, a district court is free to disregard that notice. Cochran v. Birkel, 651 F.2d 1219, 1222 (6th Cir. 1991). Plaintiff Moore's notice of appeal was in reference to a non-appealable order, therefore, the Court will disregard that notice and will address Defendant's motion for partial summary judgment.

Kentucky law follows the American Rule that attorneys' fees are not recoverable unless expressly provided for in statute or contract. Dulworth & Burress Tobacco Warehouse Co. v. Burress, 369 S.W.2d 129 (Ky. 1963). Under the BSA, entered into by BB&T and Moore, BB&T is entitled to "reasonable attorneys' fees, or any other costs of litigation in responding to any legal proceeding relating to [Moore] and [Moore's] account." Def. Am. Answer and Countercl. Ex. A, 14. The BSA further states that Moore "agree[s] to be liable to the Bank for . . . reasonable attorneys' fees, [and] the costs of litigation . . . that the Bank incurs as a result of any dispute involving [his] account." Id. at 16. Defendant BB&T contends that this contract provides for the recovery of its attorneys' fees and litigation costs. In conjunction with that claim, BB&T has provided an itemized list of the fees and costs accrued during the defense of this action.

In his response and accompanying affidavit, Plaintiff Moore does not address the issue of attorneys' fees. Instead, Moore reargues the merits of his claims, all of which were dismissed pursuant to the Court's December 1, 2010, memorandum, opinion, and order. The Court has already addressed those claims and finds it improper to address them again in the present context. The Court finds that the BSA contains a valid provision for BB&T's recovery of its reasonable attorneys' fees and costs. As Moore has failed to produce evidence that demonstrates a genuine dispute of material

fact on this issue, the Court grants Defendant's motion for partial summary judgment and finds that it is entitled to its reasonable attorneys' fees and costs in the amount of $15,806.11.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant BB&T's Motion for Partial Summary Judgment for Attorney Fees [DN 37] is **GRANTED**.

cc: counsel of record
Alvan C. Moore, pro se